CLERK'S OFFICE U.S. DIST COURT
AT ABINGDON, VA
FILED

FEB 1 7 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. _1:05CR19_ |
| | : | |
| MELISSA MICHELLE DEEL | : | |

## PLEA AGREEMENT

My counsel and I have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### 1.    CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

I will enter a plea of guilty to Count One of an Information, charging me with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person. The maximum statutory penalty for Count One is a fine of $250,000 and/or imprisonment for a term of 30 years, plus a period of supervised release. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction. I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a.  The right to plead not guilty and persist in that plea.
    b.  The right to a speedy and public jury trial.
    c.  The right to assistance of counsel at that trial and in any subsequent appeal.
    d.  The right to remain silent at trial.
    e.  The right to testify at trial.

*Defendant's Initials:* _____

    f.   The right to confront and cross-examine witnesses.
    g.   The right to present evidence and witnesses in my own behalf.
    h.   The right to compulsory process of the court.
    i.   The right to compel the attendance of witnesses at trial.
    j.   The right to be presumed innocent.
    k.   The right to a unanimous guilty verdict.
    l.   The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

I understand that the matter of sentencing is within the sole discretion of the Court subject to the Court's consideration of the United States Sentencing Guidelines ("Guidelines") and the factors set forth at Title 18, United States Code, Section 3553(a). I have discussed sentencing issues with my attorney and realize that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed.

## 2.  SPECIAL PROVISIONS

(A) I agree to accept responsibility for my conduct. I agree never to profit, in any way, either directly or indirectly, from the crime I committed or any related activity. I agree to submit to any medical tests for pregnancy, HIV or other sexually transmitted diseases and have the test results released to the Court, United States Attorney's Office, the victim and the victim's family. I agree to have no contact or communication with the victim or the victim's family without explicit written permission from this Court. I agree never to identify, in any manner, the victim or the victim's family.

(B) I agree not to take any of the following actions, at any time:

(1) attempt to withdraw my guilty plea, (2) deny that I committed any crime to which I have pled guilty,  (3) fail to cooperate with law enforcement agents, (4) fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing or any other court proceeding), (5) refuse to answer any question, (6) make a false statement, (7) fail to comply with any provision of the section entitled "MANDATORY ASSESSMENT, RESTITUTION AND FINES," (8) fail to comply with any reasonable request of the United States Attorney's Office, (9) make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this plea agreement, (10) obstruct justice, (11) commit any other crime, (12) argue for a sentence different than the sentence agreed to in this agreement, (13) subpoena the victim or the victim's family; (14) request early release from my term of supervised release; or (15) otherwise indicate that I have not accepted responsibility for my conduct.

*Defendant's Initials:*

(C) The United States agrees that if I comply with all of my obligations under the plea agreement and comply with all of my conditions of release, it will not oppose my release on bond or allowing me to self-report to my designated institution for service of my sentence.

**3.**        **SENTENCING PROVISIONS**

The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate disposition of the case is, as follows:

(a) imprisonment for a term of 14 months;
(b) supervised release for a term of 60 months, with general and special conditions as determined by the Court, in addition to the inclusion of the provisions of paragraph "A" of the section of this agreement entitled "Special Provisions";
(c) a fine and/or restitution, if determined to be appropriate by the Court, to be paid as set forth in the section of this agreement entitled "Mandatory Assessment, Restitution and Fines;"
(d) a mandatory special assessment of $100;
(e) any other terms, provisions or conditions deemed appropriate by the Court.

I understand that I will not be allowed to withdraw my plea of guilty unless the Court rejects the plea agreement.

**4.**        **ADMISSIBILITY OF STATEMENTS**

I understand that any statements I make (including this plea agreement and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting, may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence. However, if the Court rejects the plea agreement, the United States may not use any such statements in its case-in-chief in a prosecution for the offense set forth in the Information.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, my attorney and I expressly waive the presence of counsel at such meetings and that government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings with government agents and attorneys I may request the presence of my attorney and the meeting will be suspended until my attorney arrives.

**5.**        **AGREEMENT TO BE TRUTHFUL AND COOPERATE**

I agree to cooperate fully with law enforcement agents and disclose to law enforcement agents my knowledge of any criminal activity. I agree that I will testify truthfully. I agree to be

*Defendant's Initials:*

debriefed by law enforcement agents concerning any matter and waive any right I may have to refuse to answer any questions. I agree that if the United States has any doubts concerning my truthfulness, I will take and pass a polygraph examination administered by an examiner chosen by the United States Attorney's Office as to any matters alleged in the charging document(s) and/or anything discussed in the debriefings.

I understand that any false statements given to law enforcement agents may result in a prosecution against me for a felony offense. I understand that if I testify falsely I will be prosecuted for perjury, a felony offense.

I agree not to falsely implicate anyone and understand that if I falsely implicate anyone the United States may prosecute me to the full extent of the law and make any sentencing recommendations it wishes.

6.    **MANDATORY ASSESSMENT, RESTITUTION AND FINES**

I agree to pay restitution for all matters included as relevant conduct. I agree and stipulate that a requirement that I pay restitution for all matters included as relevant conduct should be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree that failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

I understand and agree that, pursuant to Title 18, United States Code, Sections 3613 and 3664(m) whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand that if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

I agree that any payments made by me shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full.

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree that I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments within 7 days of my plea of guilty.

*Defendant's Initials:*

7.        **WAIVER OF RIGHT TO APPEAL**

I understand that I will have a copy of my presentence report in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses and cross-examine the government's witnesses. I agree that I will not appeal the conviction or sentence imposed. I am knowingly and voluntarily waiving any right to appeal and am voluntarily willing to rely on the Court in sentencing me. I understand that the United States expressly reserves all of its rights to appeal. **I agree and understand that if I file any court document (including but not limited to a notice of appeal) seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

8.        **WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT**

I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. **I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

9.        **INFORMATION  ACCESS  WAIVER**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

10.       **WAIVER OF WITNESS FEE**

I agree to waive all rights, claims or interest in any witness fee that I may be eligible to receive pursuant to Title 28, United States Code, Section 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

11.       **FORFEITURE, OFFICIAL USE OR DESTRUCTION OF ITEMS SEIZED**

I consent to the forfeiture (administrative or otherwise), official use and/or destruction of all items obtained by law enforcement agents during the course of the investigation. I will

*Defendant's Initials:*

execute any documents necessary to comply with this provision of this agreement.

**12.    WAIVER OF STATUTE OF LIMITATIONS & AGREEMENT TO ALLOW GOVERNMENT TO PROCEED BY INFORMATION**

I agree that if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation, including, but not limited to, a charge of violating Title 18, United States Code, Section 2422(b). I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also agree to waive any statute of limitations argument as to any such charges.

**13.    EFFECT OF MY SIGNATURE**

I understand that my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand that the United States has not accepted my offer until it signs the agreement.

**14.    REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT**

I understand that if I fail to comply with any provision of this agreement, at any time, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void; (b) file additional charges; (c) take any other action provided for under this agreement or by statute, regulation or court rule. The remedies set forth above are cumulative and not mutually exclusive.

**15.    EFFECTIVE REPRESENTATION**

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my attorney and my attorney's advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction or complaint I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

**16.    GENERAL UNDERSTANDINGS**

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case.

*Defendant's Initials:*

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand that this agreement does not apply to any crimes or charges not addressed in this agreement. I understand that if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors on my behalf, to the extent they are not inconsistent with the terms of this agreement. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the charging document(s). Further, I have consulted with my attorney and fully understand my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: _2/17/05_                    _Melissa Michelle Deel_
                                   **MELISSA MICHELLE DEEL, Defendant**

I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: _February 17, 2005_          _Michael Dennis_
                                   **Mike Dennis**
                                   **Counsel for Defendant**

_Defendant's Initials:_ _MMD_

Page 7 of 8

Date: _February 17, 2005_

Randy Ramseyer
**Assistant United States Attorney**
**Virginia State Bar No. 33837**

*Defendant's Initials:*